**FILED**

**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC. TRINITY BANK, N.A., PETER W. NAUERT FAMILY TRUST, MICHAEL CAVATAIO, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. _____

**08 C 639**

**JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON**

**COMPLAINT FOR INTERPLEADER**

Plaintiff Manhattan National Life Insurance Company ("Manhattan Life"), by its undersigned attorneys, for its Complaint for Interpleader against defendants, Associated Bank, N.A. ("Associated Bank"), Commissions Funding Group, Inc. ("CFG"), Trinity Bank, N.A. ("Trinity Bank"), the Peter W. Nauert Family Trust (the "Family Trust"), Michael Cavataio in his role as Trustee of the Family Trust ("Trustee"), Jennifer Evans, Jonathan Nauert and Joseph Nauert, by his custodian, Jennifer Evans (collectively "Claimants"), states as follows:

**Parties**

1.      Plaintiff Manhattan Life is an insurance company domiciled in the State of Illinois, with its registered home office in Schaumburg, Illinois.

2.      Upon information and belief, defendant Associated Bank is a national banking association, with its main office in Green Bay, Wisconsin.

3.      Upon information and belief, defendant CFG is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Charlottesville, Virginia.

4.      Upon information and belief, defendant Trinity Bank is a national banking association, with its main office in Fort Worth, Texas.

5.      Upon information and belief, defendant the Family Trust was created by Peter W. Nauert (the "Insured") on or about March 18, 1997.  Upon information and belief, defendant the Trustee is a citizen and resident of the State of Illinois, and is the sole Trustee of the Family Trust.

6.      Upon information and belief, defendant Jennifer Evans is a citizen and resident of the State of Arizona.  She is the former spouse of the Insured.

7.      Upon information and belief, defendant Jonathan Nauert is a citizen and resident of the State of Arizona.  He is a son of the Insured.

8.      Upon information and belief, defendant Joseph Nauert is a citizen and resident of the State of Arizona.  He is a son of the Insured.  As a minor, and pursuant to the Arizona Uniform Transfers to Minors Act, Joseph's Nauert's interests are represented in this action by Jennifer Evans, his custodian and mother.

**Jurisdiction and Venue**

9.      This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a)(1) because there is a diversity of citizenship between at least two of the Claimants and because the Claimants are asserting adverse claims to the proceeds of a life insurance policy that is in excess of $500.

10.    This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a)(2) because the plaintiff has contemporaneously moved to deposit the full amount of the proceeds into the Registry of the Court.

11.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1397 because it is a district where one or more of the Claimants resides.

### Facts

12.    On or about April 30, 1997, Manhattan Life issued a life insurance policy number AA9703204 for the face amount of $8,500,000.  (Ex. 1.)

13.    Policy number AA9703204 insured the life of Peter W. Nauert.

14.    The Trustee was the owner of policy number AA9703204.

15.    On or about July 19, 2007, the Trustee directed Manhattan Life to split off $3,000,000 of insurance coverage from policy number AA9703204 into a new and separate policy in the face amount of $3,000,000.  (Ex. 2.)

16.    On or about August 3, 2007, Manhattan Life split policy number AA9703204 into two separate policies.  The face amount of policy number AA9703204 was reduced to $5,500,000.  Manhattan Life issued a new policy, number AA9703204A, with a face amount of $3,000,000.  (Exs. 3 and 4.)  The Trustee was the owner of both policies.

17.    Policy numbers AA9703204 and AA9703204A covered the Insured at the time of his death on or about August 19, 2007.

18.    Manhattan Life's standard practice is to distribute life insurance proceeds in a timely manner to designated beneficiaries.  Manhattan Life cannot do so in this case because it has received multiple and conflicting claims on the proceeds from the defendants.  These claims, in part, are based upon assignments of the insurance proceeds made by the Trustee and/or the Insured.

19.    On or about September 6, 2007, Associated Bank submitted a claim to Manhattan Life for $1,653,958.32 of the proceeds.  (Ex. 5.)  On information and belief, this claim is based upon an assignment of the proceeds to Associated Bank for $2,000,000.

20.    On or about September 10, 2007, CFG submitted a claim to Manhattan Life for an unspecified amount of the proceeds.  (Ex. 6.)  On information and belief, this claim is based on an assignment of the proceeds to CFG for $600,000.

21.    On or about September 11, 2007, Trinity Bank submitted a claim to Manhattan Life for $1,500,000 of the proceeds.  (Ex. 7.)  On information and belief, this claim is based upon one or more assignments of the proceeds to Trinity Bank.

22.    On or about November 14, 2007, the Trustee submitted claims to Manhattan Life for the proceeds of policy number AA9703204 on behalf of the Family Trust, and for the proceeds of the policy number AA9703204A on behalf of Jennifer Evans, Jonathan Nauert and Joseph Nauert  (Exs. 8, 9, 10  and 11.)

23.    The Family Trust contests the rights of the other Claimants to the proceeds. (Ex. 12.)

## Basis for Interpleader

24.    As a result of the foregoing, Manhattan Life is in possession of $8,500,000 in life insurance proceeds to which there are multiple claimants with adverse, competing interests.

25.    Manhattan Life has no interest or stake in the distribution of the proceeds and is a mere stakeholder.

26.    Unless the conflicting and adverse claims to the proceeds are disposed of in a single proceeding, Manhattan Life may be subject to multiple litigation and at a substantial risk of suffering duplicative or inconsistent rulings on liability for payment.

27.    As a disinterested stakeholder, Manhattan Life is entitled to recover its costs and reasonable attorneys' fees incurred in filing this interpleader action.

28.    Contemporaneous with the filing of this Complaint for Interpleader, Manhattan Life is bringing a motion to deposit into the Registry of the Court the insurance proceeds of $8,500,000.

**WHEREFORE**, Manhattan Life respectfully prays that this court will:

A.    Prohibit and enjoin Claimants, during the pendency of this case and thereafter, from instituting any actions against Manhattan Life in connection with the payout of proceeds from life insurance policies AA9703204 and AA9703204A.

B.    Discharge Manhattan Life from any and all liability in connection with life insurance policies AA9703204 and AA9703204A to any defendant in this action, or to any other person or entity.

C.    Excuse Manhattan Life from further attendance on this cause and order the adverse Claimants to litigate their rights and liabilities to the proceeds from life insurance policies AA9703204 and AA9703204A without further involving Manhattan Life.

D.    Award Manhattan Life costs and attorneys fees in this action.

E.    Order such other further relief as this Court deems just and proper.

Dated:  January 29, 2008                      Respectfully submitted,


                                    By:      /s/  Robin F. Thurston_____
                                             One of the Attorneys for Plaintiff
                                             Manhattan National Life Insurance Company


Thomas A. Andreoli (ARDC # 6242429)
Robin F. Thurston (ARDC # 6293950)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
312.876.8000
312.876.7934 (Facsimile)