IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC. TRINITY BANK, N.A., PETER W. NAUERT FAMILY TRUST, MICHAEL CAVATAIO, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his Custodian, JENNIFER EVANS, <br><br> Defendants. | No.  08 C 639 <br><br> Judge Leinenweber <br><br> Magistrate Judge Mason |

## ANSWER AND CROSS-CLAIM OF TRINITY BANK, N.A.

NOW COMES TRINITY BANK, N.A., one of the defendants herein ("Trinity"), by its attorney, Ronald H. Balson of Michael Best & Friedrich LLP, and answers the Plaintiff's Complaint for Interpleader as follows:

### ANSWER

1.  Trinity admits the allegation made in paragraph 1 of the Complaint.

2.  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegation made in paragraph 2 of the Complaint.

3.  Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegation made in paragraph 3 of the Complaint.

4.  Trinity admits the allegation made in paragraph 4 of the Complaint.

5. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the Complaint.

6. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 6 of the Complaint.

7. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Complaint.

8. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 8 of the Complaint.

9. Trinity admits the allegation made in paragraph 9 of the Complaint.

10. Trinity admits the allegation made in paragraph 10 of the Complaint.

11. Trinity admits the allegation made in paragraph 11 of the Complaint.

12. Trinity admits the allegation made in paragraph 12 of the Complaint.

13. Trinity admits the allegation made in paragraph 13 of the Complaint.

14. Trinity admits the allegation made in paragraph 14 of the Complaint.

15. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegation made in paragraph 15 of the Complaint.

16. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of the Complaint.

17. Trinity admits the allegation made in paragraph 17 of the Complaint.

18. With respect to the allegations made in paragraph 18 of the Complaint, Trinity admits that its claim is based upon an assignment of the insurance proceeds, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

19. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 19 of the Complaint.

20. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of the Complaint.

21. Trinity admits the allegations made in paragraph 21 of the Complaint.

22. Trinity is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Complaint.

23. Trinity admits the allegation made in paragraph 23 of the Complaint.

24. Trinity admits the allegation made in paragraph 24 of the Complaint.

25. Trinity admits the allegation made in paragraph 25 of the Complaint.

26. Trinity admits the allegation made in paragraph 26 of the Complaint.

27. Trinity admits the allegation made in paragraph 27 of the Complaint.

28. Trinity admits the allegation made in paragraph 28 of the Complaint.

29. No responsive pleading to the prayer set forth in paragraphs A through E of the Complaint is required.

## CROSS-CLAIM

For its Cross-Claim against defendants The Peter W. Nauert Family Trust (the "Family Trust") and Michael Cavataio, in his capacity as trustee of the Family Trust (the "Trustee"), Trinity states as follows:

30. The Court has subject matter jurisdiction and venue as alleged by Plaintiff.

31. Summons has been issued by Plaintiff for defendants, the Family Trust and Trustee, and no further process is necessary at this time.

32. Defendant is a national banking association located in Fort Worth, Tarrant County, Texas. On or about April 18, 2007, Trinity extended credit of $800,000.00 to America's Health Care/Rx Plan Financial Corporation, LLC (the "Debtor"), as evidenced by a promissory note of that date, a true and correct copy of which is attached hereto as Exhibit 1 (the "Note"). The Note was guaranteed by Peter W. Nauert, under a guaranty agreement dated May 24, 2006, a true and correct copy of which is attached hereto as Exhibit 2 (the "Guaranty Agreement"). Mr. Nauert's obligations under the Guaranty Agreement was secured by a collateral assignment of the proceeds of Policy No. AA 9703204 (the "Policy") issued by Plaintiff on the life of Peter W. Nauert. The assignment was made by the owner of the Policy, the Family Trust, acting by the Trustee. A true and correct copy of the assignment with Plaintiff's acknowledgement is attached hereto as Exhibit 3.

33. The above-referenced documents continue to be valid and enforceable against the guarantor and the security. Until all of the debtor's obligations to Trinity are discharged, the assignment remains as security for the loan.

34. There is currently due and owing on the Loan a principal sum in excess of Three Hundred Thousand Dollars, with accrued interest. While the loan is technically in default, Trinity has not accelerated the maturity. The Debtor has been making payments and Trinity hopes that the Debtor will continue to make regular payments, such that the loan will be paid in full by May 1, 2008. Until such time, Trinity has a continuing, valid security interest in the proceeds of the Policy to the extent of the outstanding balance of indebtedness due from time to time on the Loan, plus attorneys fees and costs incurred by Trinity in connection with collection of the indebtedness.

35. The alleged division of the Policy into two policies was done without the consent of Trinity, and, to the extent that such division might in any way adversely affect Trinity's security interest, it is invalid.

WHEREFORE, Trinity prays that:

A. it recover from the proceeds of the Policy the full amount of money owing under the Loan, including principal, interest, and attorneys fees and related collection costs;

B. that until the Loan is paid in full, a sufficient amount of the proceeds remain on deposit in the registry of the Court for payment of the Loan and not disbursed to any other person;

C. for recovery of costs and such other relief to which Trinity may justly be entitled.

Dated: February 19, 2008            Respectfully submitted,

TRINITY BANK, N.A.

By:   s/ Ronald H. Balson
      One of their attorneys

MICHAEL BEST & FRIEDRICH LLP
Ronald H. Balson  rhbalson@michaelbest.com
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601-6710
Telephone: 312.222.0800
Facsimile: 312.222.0818

S:\FIRM\000000\1076\C0832943.0