UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC., TRINITY BANK, N.A., PETER W. NAUERT FAMILY TRUST, MICHAEL CAVATAIO, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS,<br><br>Defendants. | Case No. 08 C 639<br><br>Hon. Harry D. Leinenweber<br><br>Magistrate Michael T. Mason |

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT FOR INTERPLEADER AND COUNTERCLAIM

Defendants, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS (collectively, "Defendants"), by and through their attorneys, Golan & Christie LLP, for their answer, affirmative defenses, and counterclaim to MANHATTAN NATIONAL LIFE INSURANCE COMPANY's ("Plaintiff") Complaint for Interpleader, allege as follows:

ANSWER

Parties

1. Plaintiff Manhattan Life is an insurance company domiciled in the State of Illinois, with its registered home office in Schaumburg, Illinois.

**ANSWER:**

Defendants are without information sufficient to admit or deny the allegations of paragraph 1 and, therefore, deny the allegations.

2. Upon information and belief, defendant Associated Bank is a national banking association, with its main office in Green Bay, Wisconsin.

**ANSWER:**

Defendants are without information sufficient to admit or deny the allegations of paragraph 2 and, therefore, deny the allegations.

3. Upon information and belief, defendant CFG is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Charlottesville, Virginia.

**ANSWER:**

Defendants are without information sufficient to admit or deny the allegations of paragraph 3 and, therefore, deny the allegations.

4. Upon information and belief, defendant Trinity Bank is a national banking association, with its main office in Fort Worth, Texas.

**ANSWER:**

Defendants are without information sufficient to admit or deny the allegations of paragraph 4 and, therefore, deny the allegations.

5. Upon information and belief, defendant the Family Trust was created by Peter W. Nauert (the "Insured") on or about March 18, 1996. Upon information and belief, defendant the Trustee is a citizen and resident of the State of Illinois, and is the sole Trustee of the Family Trust.

**ANSWER:**

Defendants admit the allegations of paragraph 5.

6. Upon information and belief, defendant Jennifer Evans is a citizen and resident of the State of Arizona. She is the former spouse of the Insured.

**ANSWER:**

Defendants admit the first sentence of paragraph 6, deny the second sentence and affirmatively state that Jennifer Evans is one of the Insured's former spouses.

7. Upon information and belief, defendant Jonathan Nauert is a citizen and resident of the State of Arizona. He is a son of the Insured.

**ANSWER:**

Defendants admit the allegations of paragraph 7.

8. Upon information and belief, defendant Joseph Nauert is a citizen and resident of the State of Arizona. He is a son of the Insured. As a minor, and pursuant to the Arizona Uniform Transfers to Minors Act, Joseph Nauert's interests are represented in this action by Jennifer Evans, his custodian and mother.

**ANSWER:**

Defendants admit the allegations of paragraph 8.

### Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a)(1) because there is a diversity of citizenship between at least two of the Claimants and because the Claimants are asserting adverse claims to the proceeds of a life insurance policy that is in excess of $500.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, deny the allegations.

10. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335(a)(2) because the plaintiff has contemporaneously moved to deposit the full amount of the proceeds into the Registry of the Court.

**ANSWER:**

Defendants deny the allegations of paragraph 10.

11. The Court is the proper venue for this action pursuant to 28 U.S.C. § 1397 because it is a district where one or more of the Claimants resides.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, deny the allegations.

### Facts

12. On or about April 30, 1997, Manhattan Life issued a life insurance policy number AA9703204 in the face amount of $8,500,000. (Ex. 1.)

**ANSWER:**

Defendants admit the allegations of paragraph 12.

13. Policy number AA9703204 insured the life of Peter W. Nauert.

**ANSWER:**

Defendants admit the allegations of paragraph 13.

14. The Trustee was the owner of policy number AA9703204.

**ANSWER:**

Defendants deny the allegations of paragraph 14 and affirmatively state that the Peter W. Nauert Family Trust U/A/D 3/18/97 is and always has been the owner of policy number AA9703204.

15. On or about July 19, 2007, the Trustee directed Manhattan Life to split off $3,000,000 of insurance coverage from policy number AA9703204 into a new and separate policy in the face amount of $3,000,000. (Ex. 2.)

**ANSWER:**

Defendants admit the allegations of paragraph 15.

16. On or about August 3, 2007, Manhattan Life split policy number AA9703204 into two separate policies. The face amount of policy number AA9703204 was reduced to $5,500,000. Manhattan Life issued a new policy number AA9703204A, with a face amount of $3,000,000. (Exs. 3 and 4.) The Trustee was the owner of both policies.

**ANSWER:**

Defendants admit the allegations of paragraph 16, except that Defendants deny the last sentence of paragraph 16.

17. Policy numbers AA9703204 and AA9703204A covered the Insured at the time of his death on or about August 19, 2007.

**ANSWER:**

Defendants admit the allegations of paragraph 17.

18. Manhattan Life's standard practice is to distribute life insurance proceeds in a timely manner to designated beneficiaries. Manhattan Life cannot do so in this case because it has received multiple and conflicting claims on the proceeds from the defendants. These claims, in part, are based upon assignments of the insurance proceeds made by the Trustee and/or the Insured.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the first and last sentences of paragraph 18 and, therefore, deny the allegations. Defendants deny the remaining allegations of paragraph 18.

19. On or about September 6, 2007, Associated Bank submitted a claim to Manhattan Life for $1,653,958.32 of the proceeds. (Ex. 5.) On information and belief, this claim is based upon an assignment of the proceeds to Associated Bank for $2,000,000.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, therefore, deny the allegations.

20. On or about September 10, 2007, CFG submitted a claim to Manhattan Life for an unspecified amount of the proceeds. (Ex. 6.) On information and belief, this claim is based upon an assignment of the proceeds to CFG for $600,000.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, therefore, deny the allegations.

21. On or about September 11, 2007, Trinity Bank submitted a claim to Manhattan Life for $1,500,000 of the proceeds. (Ex. 7.) On information and belief, this claim is based upon one or more assignments of the proceeds to Trinity Bank.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, deny the allegations.

22. On or about November 14, 2007, the Trustee submitted claims to Manhattan Life for the proceeds of policy number AA9703204 on behalf of the Family Trust, and for the proceeds of policy number AA9703204A on behalf of Jennifer Evans, Jonathan Nauert and Joseph Nauert (Exs. 8, 9, 10 and 11.)

**ANSWER:**

Defendants admit the allegations of paragraph 22.

23. The Family Trust contests the rights of the other Claimants to the proceeds.

**ANSWER:**

Defendants admit the allegations of paragraph 23 as it pertains to the alleged claims of Associated Bank, CFG and Trinity Bank and deny, upon information and belief, the allegations of paragraph 23 to the extent it alleges that the Family Trust contests the rights of these Defendants to the proceeds of policy number AA9703204A.

**Basis for Interpleader**

24. As a result of the foregoing, Manhattan Life is in possession of $8,500,000 in life insurance proceeds to which there are multiple claims with adverse, competing interests.

**ANSWER:**

Defendants admit that Manhattan Life is in possession of $8,500,000 in life insurance proceeds but deny the remaining allegations of paragraph 24 with respect to policy number AA9703204A.

25.  Manhattan Life has no interest or stake in the distribution of the proceeds and is a mere stakeholder.

**ANSWER:**

Defendants deny the allegations of paragraph 25.

26.  Unless the conflicting and adverse claims to the proceeds are disposed of in a single proceeding, Manhattan Life may be subject to multiple litigation and at a substantial risk of suffering duplicative or inconsistent rulings on liability for payment.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, deny the allegations.

27.  As a disinterested stakeholder, Manhattan Life is entitled to recover its costs and reasonable attorneys' fees incurred in filing this interpleader action.

**ANSWER:**

Defendants deny the allegations of paragraph 27.

28.  Contemporaneous with the filing of this Complaint for Interpleader, Manhattan Life is bringing a motion to deposit into the Registry of the Court the insurance proceeds of $8,500,000.

**ANSWER:**

Defendants admit the allegations of paragraph 28, but deny that such amount is correct and further deny that proceeding by way of interpleader as to these Defendants is proper.

WHEREFORE, Defendants Jennifer Evans, Jonathan Nauert, and Joseph Nauert, by his Custodian, Jennifer Evans, respectfully request this Court to enter judgment in their favor and

against Manhattan National Life Insurance Company and award such other relief as this Court deems proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

For their affirmative defenses to this Complaint, Defendants state as follows:

1. Defendants' claim for the proceeds of the Manhattan life insurance policy number AA9703204A consists of the face amount of the policy; $3,000,000.00, plus accrued interest thereon from the date of Peter W. Nauert's death, August 19, 2007 to the date of payment.

2. The total amount of the alleged claims of Associated Bank, CFG and Trinity asserted against the Manhattan life insurance policy number AA9703204 is approximately $3,753,958.

3. There are no claims for the proceeds of policy number AA9703204A, other than those brought by these Defendants as the named beneficiaries of the policy.

4. The total benefit amount under Manahattan policy numbers AA9703204 and AA9703204A is $8,500,000 (plus accrued interest thereon).

5. Assuming that the total amount of the alleged claims of Associated Bank, CGF and Trinity are deposited with the Registry of the Court, there would still remain the principal amount of $4,746,042 in proceeds, or $1,746,042 in excess of the face amount of policy number AA9703204A for disbursement to these Defendants as beneficiaries.

6. As the AA9703204 policy has more than sufficient funds to cover all potential claims made against it, without use of the AA9703204A policy, Plaintiff has no valid reason to deposit the proceeds of policy number AA9703204A with the Court. Rather, the proceeds of policy number AA9703204A, plus accrued interest thereon, should be disbursed to these Defendants immediately.

WHEREFORE, Defendants Jennifer Evans, Jonathan Nauert, and Joseph Nauert, by his Custodian, Jennifer Evans, respectfully request this Court to enter judgment in their favor and against Manhattan National Life Insurance Company, sever the claims of Associated Bank, CGF and Trinity against policy number AA9703204 from Defendants' claims against policy number AA9703204A, order prompt disbursement of the proceeds of policy number AA9703204A to Defendants Jennifer Evans, Jonathan Nauert, and Joseph Nauert, by his Custodian, Jennifer Evans, in the amount of $3,000,000 plus accrued interest thereon at the maximum rate required by Illinois law, and for such other relief as this Court deems proper.

## COUNTERCLAIM

Defendants/Counter-Plaintiffs, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS, by and through their attorneys, Golan & Christie LLP, for their counterclaim against Plaintiff/Counter-Defendant MANHATTAN NATIONAL LIFE INSURANCE COMPANY's ("Manhattan"), allege as follows

### Count I – Claim for Interest on Proceeds

1. Defendants/Counter-Plaintiffs, Jennifer Evans, Jonathan Nauert, and Joseph Nauert, by his Custodian, Jennifer Evans, are the beneficiaries of Manhattan's life insurance policy number AA9703204A in the face amount of $3,000,000 (Three Million Dollars) (the "A Policy").

2. The A Policy was split from the original life insurance policy issued by Manhattan, number AA9702304, (the "Policy") on or about August 3, 2007. See Exhibit 2 of

Plaintiff's Complaint. The face amount of the Policy when originally issued on or about April 30, 1997 was $8,500,000.

3. Peter W. Nauert, the insured under the Policy, died on August 19, 2007

4. Pursuant to Section 1 of the Policy, the proceeds of the Policy shall be paid after proof of death and proper written claim have been received. By submissions to Manhattan on behalf of the Defendants/Counter-Plaintiffs dated November 14, 2007, those conditions were met thereby triggering Manhattan's obligation to pay the proceeds of the Policy and the A Policy, plus accrued interest thereon.

5. Section 1 of the Policy further provides that Manhattan "will pay interest of not less than 3.5% per year from the date of death to the payment date, or any higher rate required by law, from the date of death to the payment date."

6. Under Illinois law, 215 ILCS 5/224(1)(l), the rate of interest required to be paid on certain life insurance policies in force as of July 24, 2001 and thereafter, including the A Policy, is 9% (nine percent) from the date of death until the date the proceeds are paid. Under this statute, Manhattan was also required to notify the beneficiaries, *i.e.*, Defendants/Counter-plaintiffs, of the foregoing provision at the time their claim was submitted to Manhattan. Manhattan has failed to provide such notice and has failed to pay or account for any interest on the Policy, including A Policy number AA9702304A.

7. The Policy was issued in Illinois, by Manhattan, an insurance company with its headquarters in Illinois, when the insured was living in Illinois. Thus, Illinois law applies to the interpretation and enforcement of the terms of the Policy.

8. Neither Plaintiff's Complaint nor its Motion for Leave to Deposit Its Admitted Liability reflect or acknowledge Manhattan's obligation to pay accrued interest and neither seeks

10

leave to deposit the contractual amount of interest which has accrued on the Policy and A Policy since the date of the insured's death on August 19, 2007.

9. By bringing its interpleader action, Manhattan is not excused from its obligation to pay the interest owed to Defendants/Counter-Plaintiffs pursuant to the Policy and under-Illinois law that continues to accrue until the date of payment.

10. As of February 20, 2008, there was $136,849.32 in accrued interest on the face amount of the A Policy which remains due and owing to Defendants/Counter-Plaintiffs from Manhattan and which continues to accrue at the rate of $739.73 per day until the proceeds of the A Policy are paid.

WHEREFORE, Defendants/Counter-Plaintiffs Jennifer Evans, Jonathan Nauert, and Joseph Nauert, by his Custodian, Jennifer Evans, respectfully request this Court to enter judgment in their favor and against Plaintiff/Counter-Plaintiff Manhattan National Life Insurance Company for all accrued and unpaid interest on the proceeds of Policy Number AA9703204A in an amount to be proven, and for such other relief as this Court deems proper.

Respectfully submitted,

JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS

By: /s/ David K. Schmitt
One of Their Attorneys

David K. Schmitt, Esq.
Laura A. Balson, Esq.
GOLAN & CHRISTIE LLP
70 West Madison Street
Suite 1500
Chicago, Illinois 60602
(312) 263-2300