UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANHATTAN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED BANK, N.A., COMMISSIONS<br>FUNDING GROUP, INC., TRINITY BANK,<br>N.A., PETER W. NAUERT FAMILY TRUST,<br>MICHAEL CAVATAIO, in his role as<br>Trustee of the Peter W. Nauert Family Trust,<br>JENNIFER EVANS, JONATHAN NAUERT,<br>and JOSEPH NAUERT, by his custodian,<br>JENNIFER EVANS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08 C 639<br><br>Hon. Harry D. Leinenweber<br><br>Magistrate Michael T. Mason |

DEFENDANTS' MOTION TO REDUCE THE AMOUNT OF INTERPLEADER OR,
ALTERNATIVELY, TO SEVER

Defendants/Counter-Plaintiffs, JENNIFER EVANS, JONATHAN NAUERT, and

JOSEPH NAUERT, by his custodian, JENNIFER EVANS (collectively, "Evans Family"), by

and through their attorneys, Golan & Christie LLP, respectfully move this Court for entry of an

order reducing the amount of interpleader deposit to be made by Plaintiff/Counter-Defendant

MANHATTAN LIFE INSURANCE COMPANY ("Manhattan Life") to the maximum amount

that is in dispute or, in the alternative, severing the Evans Family from the interpleader action. In

support, the Evans Family states:

1

## INTRODUCTION

1.      Pursuant to its Complaint for Interpleader, Manhattan Life seeks to deposit $8.5 million in life insurance proceeds with the Court, despite the fact that the actual amounts in dispute total only $2,553,798.  Prior to the death of the insured, Peter W. Nauert, Manhattan Life split the original life insurance policy by reducing its face amount from $8.5 million to $5.5 million (the "Original Policy") and issuing a new policy for the face amount of $3 million for which the Evans Family is the named beneficiary (the "Policy A").  Defendants Jennifer Evans and her sons Jonathan Nauert and Joseph Nauert bring this Motion on the grounds that the purported claims of the three Defendant Assignees,[1] totaling $2,553,958, can and should be fully adjudicated from the $5.5 million proceeds for the Original Policy without involving the Evans Family's independent and undisputed right to the $3 million proceeds under Policy A.  Granting this Motion will prevent needlessly subjecting the Evans Family to the burden and expense of litigation and will avoid delaying distribution of their life insurance proceeds while the unrelated disputes between the Trust the and the Defendant Assignees are resolved between those parties.

2.      As explained below more fully, the amounts at issue regarding the insurance policies and claims are as follows:

---

[1]      Three other defendants are asserting claims against the Original Policy as alleged assignees of the Peter W. Nauert Family Trust U/A/D 3/18/97 (the "Trust"): Associated Bank, N.A. ("Associated Bank") for $1,653,958.32, Trinity Bank, N.A. ("Trinity Bank") for $300,000, and Commissions Funding Group, Inc. ("CFG") for $600,000, (collectively, the "Defendant Assignees").  *See* Complaint for Interpleader, ¶¶ 19-20; *and* Answer and Cross-Claim of Trinity Bank, ¶ 34.  (Note that the principal amount of Trinity's claim is now $300,000, reduced from $1,500,000 as alleged in the Complaint.)  *Id.*

| | |
|---|---|
| Original Policy Amount (before split): | $8,500,000 |
| A Policy for the Evans Family: | $3,000,000 |
| Reduced Original policy face amount: | $5,500,000 |
| Defendant Assignees' Claims: | $2,553,798 |
| Remainder after *all* claims are honored: | $2,946,202 |

As the foregoing illustrates, there are $5,500,000 in proceeds available from the Original Policy to satisfy the $2,553,798 in claims of the Defendant Assignees against the Trust, leaving an approximate *$3 million cushion* without even considering the potential involvement of Policy A's proceeds. Thus, there are more than ample funds to fully and fairly adjudicate all of the Defendant Assignees' claims from the $5.5 million proceeds of the Original Policy without involving Policy A, separately designated for the Evans Family. If Manhattan Life is permitted to deposit all of the proceeds under the two insurance policies, the Court will be holding almost $6 million over which there is no adversity or competing interests and delaying disbursement of the uncontested Policy A's proceeds to the Evans Family.

## FACTUAL BACKGROUND

3. In 1997, the Peter W. Nauert Family Trust U/A/D 3/18/97 ("Trust") purchased a life insurance policy from Manhattan Life in the original face amount of $8.5 million insuring the life of Peter W. Nauert (the Original Policy is numbered AA9703204). (Cmplt. ¶¶ 12-13.)

4. On or about July 19, 2007, the Trustee of the Trust directed Manhattan Life to split off $3,000,000 of insurance coverage from Policy Number AA9703204 into a new and separate policy in the face amount of $3,000,000. (Cmplt. ¶ 15.)

5. Manhattan Life agreed to do so and, on or about August 3, 2007, it split the Original Policy into two separate policies as follows: The Original Policy remained in effect

3

under policy number AA9703204 and its face amount was reduced to $5,500,000. Manhattan Life also issued a new policy number AA9703204A, with a face amount of $3,000,000 (Policy A)[2]. Jennifer Evans and her two sons, Jonathan and Joseph were named as the sole beneficiaries of the new Policy A. (Cmplt. ¶¶ 16, 22.)

6.       Peter Nauert, the insured, died on August 19, 2007. Since his death, Nauert's substantial child support payments to Jennifer for the benefit of their sons Jonathan and Joseph have ceased. Accordingly, the Evans Family, particularly Jonathan and Joseph Nauert, are prejudiced by being unable to access the proceeds of Policy A for their support, health, education and welfare.

7.       Shortly after Nauert's death, the Defendant Assignees submitted their respective claims to Manhattan Life against the proceeds of Policy Number AA9703204 (the Original Policy) for various claims relating to alleged obligations of Peter Nauert. (Cmplt. ¶¶19-21.)

8.       On November 14, 2007, the Trustee submitted claims to Manhattan Life for the proceeds of the Original Policy on behalf of the Trust, and for distribution of the proceeds of Policy A on behalf of the Evans Family. (Cmplt. ¶ 22.)

9.       On January 29, 2008, Manhattan Life filed its Complaint for Interpleader seeking to deposit the face amounts of the Original Policy and of Policy A, together totaling $8.5 million, even though the amount of disputed claims asserted by the Defendant Assignees is only $2,553,798.

10.      Contrary to paragraph 23 of the Complaint, the Trust does **not** contest the right of the Evans Family to the proceeds of Policy A. (Cmplt., Exhibit 12.) Indeed, the Trust does not

---

[2]       The new Policy is referred to as Policy A in light of the new policy number which added the letter "A" at the end of the Original Policy number, *i.e.*, AA9703204A.

4

oppose distributing the proceeds of Policy A to the Evans Family or, if necessary, severing the Evans Family and their right to Policy A proceeds from this interpleader action.

11.     In a conversation immediately following the initial court appearance in this matter on February 19, 2008, counsel for Manhattan Life indicated that Manhattan Life does not oppose severing the Evans Family from this interpleader action and distributing the proceeds of Policy A to the Evans Family while the rest of the interpleaded parties resolve their claims.

12.     CFG has informed counsel for the Trust that it does not require a deposit greater than the amount necessary to insure that sufficient funds are available to satisfy the amount of its claim ($600,000 plus fees and expense) and of the other assignees. (*See* email dated February 21, 2008, attached hereto as Exhibit A).

13.     Associated Bank opposes distributing the proceeds of Policy A to the Evans Family on the grounds that it is seeking "leverage" to obtain a resolution of its state court claims against Peter Nauert as soon as possible and that no party should receive any life insurance proceeds before it is paid on its claim.[3]

14.     Trinity Bank's claim is for $300,000 and, on information and belief, this indebtedness is not in default and will be paid off by May 2008.[4]

---

[3]     Associated Bank's claim against Peter Nauert is currently the subject of litigation pending in the Circuit Court of Cook County, Illinois, styled *Associated Bank, N.A. v. Lunn Urban Financing LLC, et al.*, Case No. 05 L 1602. There are 11 defendants in that litigation which involves a number of claims and issues one of which is the enforceability of an alleged personal guaranty of Peter Nauert. That case is still in the discovery stage and its timetable for resolution is far from certain. Additionally, Associated Bank has filed an identical claim against the estate of Peter W. Nauert in the First Judicial District for the County of Santa Fe, New Mexico in the probate proceeding.

[4]     Trinity Bank has filed an identical claim against the estate of Peter W. Nauert in the First Judicial District for the County of Santa Fe, New Mexico in the probate proceeding.

## ARGUMENT

15.    There is no reason to deposit $5,946,202 in ***excess*** of the amount of the claims in dispute.  The significant amount of insurance proceeds of the Original Policy which exceed the Trust's potential liabilities to Defendant Assignees by $2,946,202 demonstrates that Manhattan Life's proposed deposit of $8.5 million should be reduced to the amount actually in dispute. Alternatively, the Evans Family and Policy A's proceeds should be severed from this interpleader action on the grounds that the $3 million proceeds from Policy A are completely unnecessary for the resolution of the claims asserted by the Defendant Assignees asserted against the Original Policy.[5]  As indicated from above, the $5.5 million in proceeds from the Original Policy is more than sufficient to address all of the claims asserted by the three Defendant Assignees whose claims total $2,553,798.  Depositing the additional sum of $3 million from Policy A which would create a cushion of almost ***$6 million*** over and above what is needed to address the claims of the three Defendant Assignees and is contrary to the purpose of the interpleader statute, 28 U.S.C. §1335, and rule, Fed R. Civ. P. 22.

16.    Here, all of the alleged competing claims are between the Trust and the Defendant Assignees; the Evans Family has no position or stake in those disputes.  Thus, there is no reason that the Evans Family should continue to be needlessly denied access to Policy A proceeds while the Trust and the Defendant Assignees litigate over whether their claims are legitimate, the amounts of their claims and whether the proceeds of the Original Policy are available to satisfy those claims – issues that the Evans Family has no involvement with whatsoever.

---

[5]    Rule 21 of the Federal Rules of Civil Procedure, provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

17.     "Interpleader is a suit in equity … the sole basis for equitable relief to the stakeholder is the danger of exposure to double liability or the vexation of conflicting claims, the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984) (citations omitted).  An interpleader action will not lie when there are independent funds each with its own claimants, even if the two funds arose out of a common origin. *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164 (D.C. Virgin Islands, 1975).  Generally, a stakeholder must deposit an amount equal to the largest claim.  *National Union Fire Ins. Co. v. Ambassador Group, Inc.*, 691 F. Supp. 618, 622 (D.C. N.Y. 1988) (insurer which issued liability policy to corporation's officers and directors was required to deposit amount claimed against directors to sustain interpleader action, rather than limits of liability under the policy).  The determination of the appropriate deposit for an interpleader may require the Court to inquire into the underlying merits of a claim.  *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999).[6]

18.     Here, the maximum amount in controversy is the aggregate amount of the Defendant Assignees' claims, $2,553,798, which is the "largest amount" that Manhattan should be permitted to deposit.  *Id*.  The balance of the Original Policy, $2,946,202, and the entire amount of Policy A, $3 million, are not in controversy and should be distributed to the

---

[6]     The Court's discretion also extends to directing a dilatory stakeholder to deposit interest for the pre-action period during which the stakeholder failed to seek interpleader or make payment. *John Hancock Life Ins. Co. v. Beardslee*, 216 F. 2d 457 (7th Cir. 1954), *certiorari denied*, 75 S. Ct. 523, 348 U.S. 964, 99 L. Ed. 751 (1955); 7 C. Wright & A. Miller, *Federal Practice and Procedure*, §1716, 645-656 (2001).  By email dated February 21, 2008, Manhattan Life's counsel has confirmed that it will deposit the accrued interest on the life insurance proceeds when it deposits the principal.  *See* email from Thomas A. Andreoli dated February 21, 2008 attached as Exhibit B hereto.  Pursuant to 215 ILCS 5/224(1)(l), the applicable Illinois statutory rate of interest is 9% per annum from the date of the insured's death to the date of payment.

designated beneficiaries in accordance with the terms and conditions of the policies. Indeed, because the proceeds of the Original Policy are clearly more than sufficient to address the alleged liabilities of the Defendant Assignees, there is no actual adversity between the Evans Family and the other defendants in the interpleader action. The necessary adversity between interpleaded parties is usually based upon the risk of double payment or if the various claims against the stakeholder exceed the limits on the stakeholder's liability. *Hebel v. Ebersole*, 543 F.2d 14, 17-18 (7th Cir. 1976). In the present case, there is no risk of double payment by Manhattan Life with respect to the Evans Family and the Defendant Assignees nor do the claims of the Defendant Assignees and the Evans Family exceed the $8.5 million which Manhattan Life seeks to deposit. Accordingly, this Court may properly exercise its discretion and sever the Evans Family (and the related Policy A proceeds) from the rest of the interpleader in which there are genuine disputes. *Id*.

## CONCLUSION

Taken alone, the Original Policy has more than twice the amount of funds needed to satisfy the competing claims asserted by the three Defendant Assignees, if proven. Thus, it is unnecessary and inappropriate to deposit more than the maximum amount that might be required to adjudicate those claims, and it is clear beyond peradventure that the proceeds of Policy A are not subject to or needed to satisfy the claims of the Defendant Assignees. Accordingly, for all the foregoing reasons, Defendants/Counter-Plaintiffs, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS, respectfully request that this Court enter an Order:

A.    Limiting the interpleader deposit of Manhattan Life to $2,553,798; or alternatively,

B.    Severing the Evans Family and the $3 million in proceeds for Policy Number AA9703204A from the disputes between and among the other defendants and ordering Manhattan Life to distribute the proceeds for Policy Number AA9703204A to the Evans Family plus accrued interest thereon at the Illinois statutory rate of 9% per annum; and

C.    Awarding such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his custodian, JENNIFER EVANS

By:____/s/ David K. Schmitt_____
            One of Their Attorneys

David K. Schmitt, Esq.
Laura A. Balson, Esq.
GOLAN & CHRISTIE LLP
70 West Madison Street
Suite 1500
Chicago, Illinois  60602
(312) 263-2300
*Attorneys for Defendants*
*Jennifer Evans, Jonathan Evans*
*and Joseph Nauert, by his*
*Custodian, Jennifer Evans*

# EXHIBIT A

## David K. Schmitt

**From:** Kenneth F. Lorch [lorch@htlhlaw.com]
**Sent:** Thursday, February 21, 2008 11:38 AM
**To:** David K. Schmitt
**Subject:** FW: Peter Nauert Family Trust Interpleader

FYI. K

**From:** Gregory M. Johnson [mailto:johnson@MRLaw.com]
**Sent:** Thursday, February 21, 2008 10:32 AM
**To:** Kenneth F. Lorch
**Subject:** RE: Peter Nauert Family Trust Interpleader

Ken,

     I have discussed your proposal with my client and my client will agree to (a) permit the distribution of the insurance proceeds to the named beneficiaries but only to the extent they exceed the claims filed by the assignees and (b) allow the court to invest the funds it is holding in Treasuries.   For purposes of my clients' claim, we would propose that the court hold the full $600,000 to cover the current balance due under the note plus any attorneys fees incurred or to be incurred in connection with this matter.   My client would be willing to release the $600,000 upon the refinancing of the AHCP loan, which we hope will take place in the next couple of weeks.

Greg

Gregory M. Johnson
Martin & Raynor, P.C.
1228 Cedars Court, Suite A
Charlottesville, VA 22903-4801
Telephone: (434) 817-3100
Facsimile: (434) 817-3110
E-mail: gjohnson@mrlaw.com

### WARNING:

Tax Advice Disclosure:  To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication, (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code of 1986, as amended, or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this electronic mail transmission, including any attachments, is confidential and intended to be sent only to the stated recipient of the transmission.  It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or the work product privileges.  If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication, including any attachments, is strictly prohibited.  You are also asked to notify us immediately by return email to gjohnson@mrlaw.com and delete the original message and any attachments at once.  Thank you.

**From:** Kenneth F. Lorch [mailto:lorch@htlhlaw.com]
**Sent:** Wednesday, February 20, 2008 6:16 PM
**To:** Gregory M. Johnson
**Subject:** Peter Nauert Family Trust Interpleader

Greg:  I am sorry it took so long for me to get back to you today.  My contact information is below.

I look forward to your getting back to me to let me know if your client, Commission Funding Group, is willing to agree to release the remaining proceeds from the insurance proceeds that are the subject of the interpleader if the amount of the CFG lien, the Trinity Bank lien and the Associated Bank lien are held subject to further order of court.

In the meantime, I understand you are willing to agree to a plan under which all the proceeds are deposited subject to further order of the court in an account that can be invested in assets earning a higher rate of return.  We are working to establish such an account.

Ken

*Kenneth F. Lorch*

Hamilton Thies Lorch & Hagnell LLP
Suite 3800
200 S. Wacker Dr.
Chicago, IL 60606
Email:  lorch@htlhlaw.com
Direct:  312-650-8640
Office:  312-650-8650
Fax:     312-650-8651
Mobile: 312-953-2927
www.htlhlaw.com

**IRS CIRCULAR 230 NOTICE:** This communication is not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on any taxpayer.

DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or Hamilton Thies Lorch & Hagnell LLP.

2/25/2008

# EXHIBIT B

## David K. Schmitt

---

**From:**     Andreoli, Thomas A. [tandreoli@sonnenschein.com]

**Sent:**     Thursday, February 21, 2008 11:51 PM

**To:**       David K. Schmitt; Joesph Funk; Rene Hernandez; Laura A. Balson; lorch@htlhlaw.com; rwitry@mcdnslaw.com

**Cc:**       Thurston, Robin F.

**Subject:** Manhattan Nat'l Life Ins. Co. v. Associated Bank, N.A., et al., 08 CV 639

Counsel:

My apologies for the short delay in providing Manhattan Life's interest calculation. I am traveling. I understand that the interest on the policies' proceeds as of February 27, 2008 (our next hearing date) would be $402,792.17,applying the State of Illinois statutory rate. As I indicated to the Court, Manhattan Life intends to deposit the proceeds, plus interest to date, into the Court's registry or such other appropriate fund approved by the Court. Please feel free to contact me with any questions. Thank you.

Best regards,

Thomas A. Andreoli
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
312.876.7474 (Office)
312.876.7934 (Facsimile)
tandreoli@sonnenschein.com

--------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
--------------------------------------------------------------------------

2/25/2008