IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | No.   08 C 639 |
| v. | | Judge Leinenweber |
| ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC. TRINITY BANK, N.A., PETER W. NAUERT FAMILY TRUST, MICHAEL CAVATAIO, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his Custodian, JENNIFER EVANS, | | Magistrate Judge Mason |
| Defendants. | | |

## MOTION TO WITHDRAW CROSS-CLAIM AND DISMISS TRINITY AS A PARTY

NOW COMES TRINITY BANK, N.A., one of the defendants herein ("Trinity"), by its attorney, Ronald H. Balson of Michael Best & Friedrich LLP, and hereby moves this court for leave to withdraw its cross-claim and for an order dismissing Trinity as a party. In support of its motion, Trinity states the following:

1.  Trinity was brought into this Interpleader action by Manhattan National Life Insurance Company ("Manhattan") and is presently a party defendant. Manhattan alleged in its Complaint that on September 11, 2007, Trinity submitted a claim to Manhattan with respect to the proceeds of a certain life insurance policies on the life of Peter Nauert, identified as policy numbers AA9703204 and AA9703204A (the "Manhattan Policies"). Trinity has admitted the allegation.

2. On February 19, 2008, Trinity filed its Answer and Cross-claim. The Cross-claim set out the facts that Peter Nauert had personally guaranteed a promissory note payable to Trinity by America's Health Care/Rx Plan Financial Corporation, LLC ("AHC") and that Nauert had assigned the proceeds of the Manhattan Policies as collateral security for his guarantee.

3. The Cross-claim further recited the fact that the principal debtor, AHC, was in default but was making payments. Until the balance was paid in full, Trinity maintained a valid security interest in the Manhattan Policies pursuant to Nauert's collateral assignment.

4. AHC has now fully paid the indebtedness owed to Trinity. Trinity has, and hereby confirms, that it releases the assignment and its security interest in the Manhattan Policies. Given the fact that Nauert's guarantee obligations are now discharged, Trinity disclaims any rights in and to the Manhattan Policies.

5. In light of the foregoing, Trinity moves to withdraw its Cross-claim. Since it has no further claim or interest in the Manhattan Policies, Trinity moves that it be dismissed as a party herein.

WHEREFORE, Trinity Bank, N.A. prays that this court enter an order allowing Trinity to withdraw its Cross-claim without costs or fees, and that Trinity be dismissed as a party herein with no further cost or liability.

                TRINITY BANK, N.A.

                By:   s/ Ronald H. Balson
                           One of their attorneys

MICHAEL BEST & FRIEDRICH LLP
Ronald H. Balson   rhbalson@michaelbest.com
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL  60601-6710
Telephone: 312.222.0800
Facsimile: 312.222.0818

S:\CLIENT\024658\0001\C0848428.0