**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 08 C 639 Judge Leinenweber Magistrate Judge Mason |
| ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC., N.A., TRINITY BANK, N.A., PETER W. NAUERT FAMILY TRUST, MICHAEL CAVATAIO, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT, and JOSEPH NAUERT, by his Custodian, JENNIFER EVANS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL CAVATAIO'S UNOPPOSED MOTION TO DISMISS INTERPLEADER AND DISTRIBUTE FUNDS FROM COURT REGISTRY**

Now comes Defendant Michael Cavataio ("Cavataio"), in his role as Trustee of the Peter W. Nauert Family Trust ("the Trust"), by his attorneys, Daniel S. Hefter and Josh Goldberg of Fox, Hefter, Swibel, Levin & Carroll, LLP, and hereby moves for an order dismissing this interpleader action and for an order distributing all funds from the court registry to Cavataio as Trustee of the Trust. In support thereof, Cavataio states as follows:

1. Plaintiff Manhattan National Life Insurance Company ("Manhattan") brought Cavataio into this interpleader action in his role as Trustee of the Trust that owned certain life insurance policies on the life of Peter Nauert ("Nauert"). Other defendants included Jennifer Evans, Jonathan Nauert and Joseph Nauert as beneficiaries

of one of the Manhattan life insurance policies, policy number AA9703204A (the "beneficiaries"), as well as various lenders that claimed security interests in the insurance proceeds. Because all claims to the insurance proceeds have now been satisfied, the Court should dismiss this action and disburse the remaining funds in the court registry to Cavataio, as Trustee of the Trust that owns the insurance policies.

2.    On February 27, 2008, the Court granted Manhattan's motion for leave to deposit its admitted liability on the insurance policies of $8,500,000 plus accrued interest into the court registry. Manhattan was dismissed from the case on March 7, 2008.

3.    The only defendants with claims to the insurance proceeds who filed appearances in this matter were the Cavataio as Trustee of the Trust, the beneficiaries of the insurance policies, Associated Bank, N.A. ("Associated") and Trinity Bank, N.A. ("Trinity"). Associated and Trinity claimed interests in the insurance proceeds because the insurance policies had been assigned to them as collateral security for personal guarantees by Nauert for various loans from Associated and Trinity. Defendant Commissions Funding Group, Inc. an alleged lienholder with a purported claim against the insurance proceeds, never appeared in this action.

4.    On March 19, 2008, the Court ordered that the court registry issue individual checks made payable to the beneficiaries of the insurance policies, thus extinguishing their claims and dismissing their counterclaim against Manhattan. On April 30, 2008, pursuant to a settlement agreement between Associated and Nauert's estate and the Trust, Associated released any claims it had on the insurance proceeds. (*See* Release of Lien, attached hereto as Exhibit A.) Moreover, on May 16, 2008, the Court granted Trinity's motion to withdraw its cross-claim and dismissed Trinity with

prejudice because the principal debtor had paid its debt to Trinity, and Trinity released its interest in the insurance proceeds.

5.      On May 27, 2008, counsel for Cavataio spoke by telephone with David K. Schmitt, counsel for the beneficiaries of the insurance policies -- Jennifer Evans and Jonathan and Joseph Nauert, who did not oppose the instant motion.  On May 28, 2008, Cavataio's counsel spoke with Richard J. Witry, counsel for Associated Bank, who likewise did not oppose the motion.

6.      In sum, all interpleader claims in this action to any proceeds from insurance policies owned by the Trust have been resolved.  Accordingly, there are no remaining controversies for the Court to determine and this matter should, therefore, be dismissed in its entirety and all remaining insurance proceeds in the court registry should be distributed to Cavataio as Trustee of the Trust that owns the insurance policies.

WHEREFORE, Defendant Michael Cavataio prays that this Court enter an Order dismissing the instant interpleader action and disbursing the remaining funds in the court registry, plus any accrued interest thereon, to Michael Cavataio in his representative capacity as Trustee of the Peter W. Nauert Family Trust.

MICHAEL CAVATAIO, TRUSTEE OF
THE PETER W. NAUERT FAMILY
TRUST

By: /s Josh Goldberg_____
        One of his attorneys

Daniel S. Hefter
Josh Goldberg: jgoldberg@fhslc.com
**FOX HEFTER SWIBEL LEVIN & CARROLL, LLP**
200 W. Madison St., Suite 3000
Chicago, Illinois  60606
PH: (312) 224-1200
FX: (312) 224-1202

Dated: May 28, 2008