UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANHATTAN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) ) | Case No.: 08−cv−00639 Honorable Harry D. Leinenweber |
| ASSOCIATED BANK, N.A., COMMISSIONS FUNDING GROUP, INC., PETER W. NAUERT FAMILY TRUST, Michael Cavataio, in his role as Trustee of the Peter W. Nauert Family Trust, JENNIFER EVANS, JONATHAN NAUERT and JOSEPH NAUERT, by His Custodian JENNIFER EVANS, | ) ) ) ) ) ) ) ) ) | Magistrate Michael T. Mason |
| Defendants. | ) ) | |

**MOTION TO VACATE ORDER &
ORDER PLAINTIFF TO PRODUCE IRS FORM 712**

NOW COMES THE PETER W. NAUERT FAMILY TRUST, one of the Defendants herein (the "Trust"), by its attorneys Kenneth F. Lorch and Afton L. Gauron of Hamilton Thies Lorch & Hagnell LLP, and moves this Court to vacate the order entered by this Court dismissing the Plaintiff, MANHATTAN NATIONAL LIFE INSURANCE COMPANY, ("Manhattan") for the sole purpose of ordering the Plaintiff to produce Internal Revenue Service Form 712. *See Order Attached as Exhibit A.* In support of its Motion, the Trust states as follows:

1. Manhattan filed this Interpleader action by Complaint dated September 11, 2007. Two life insurance policies, identified as policy numbers AA9703204 and AA9703204A issued on the life of Peter W. Nauert were the subject of the Complaint. Manhattan named three corporate defendants and three individual defendants, in addition to the Trust, as Parties with claims to the insurance proceeds. The corporate defendants each claimed a portion of the insurance proceeds based on various purported liens allegedly secured by the insurance policies.

2. On February 27, 2008, this Court granted Manhattan's Motion for Leave to Deposit its Admitted Liability and Manhattan deposited the insurance proceeds into the Registry of Court.

3. On March 5, 2008 Manhattan was dismissed from this case without prejudice. *See Exhibit A.*

4. All of the Defendants' claims to the insurance proceeds have been resolved. 1) On March 19, 2008 this Court found the there were adequate funds from Manhattan policy No. AA9703204 to satisfy any other claims of the parties and ordered that the Registry of Court issue checks to the individual Defendants who were beneficiaries of insurance policy No. AA9703204A, dismissing their claim and counterclaim against Manhattan; 2) One March 30, 2008 Defendant, Associated Bank, N.A. entered into a settlement agreement with the Trust and Estate of Peter W. Nauert and released any claims to the insurance proceeds *(See Release attached as Exhibit B)*; 3) On May 15, 2008, this Court granted Defendant, Trinity Bank, N.A.'s Motion to withdraw its cross-claim and dismissed Trinity from this action; and 4) Defendant, Commissions Funding Group Inc. never appeared in this action.

5. Pursuant to Federal Court Rule 60(b), the Trust is moving in a timely manner to ask this Court to vacate the Order dated March 7, 2008 which dismissed Manhattan from this action. *USCS Fed Rules Civ Proc R 60.* This motion is brought for the sole purpose of rejoining Manhattan in order to direct it to provide Internal Revenue Service Form 712 ("Form 712") in the proper format.

6. The Internal Revenue Code requires insurance companies to provide a Form 712 for each insurance policy on which they pay funds as a result of the death of the insured.

7. Form 712 is a tax reporting form that the estate of a decedent is required to attach to the Federal Estate Tax return. In this matter, the Trustee of the Trust is seeking the form to provide to the Executor of the estate of the Decedent, Peter W. Nauert. Form 712 provides information concerning the ownership, beneficiaries and value of the life insurance policies that are the subject of this litigation. *See Form attached as Exhibit C.*

8. Although Manhattan agrees to provide the Forms 712 for the two policies at issue in this matter, Manhattan contends that the liens alleged by the named Defendants in this action, which have all been resolved, should be attached to the Forms 712.

9. The Trust contends that the liens should not be attached to Form 712. The attachment of the liens to the Form 712 would unfairly prejudice the Trust. This is because it could suggest the liens were valid. Although the validity of the purported liens was not determined by this Court, if the matter had been litigated, the Trust would have contended that one or more of the liens were invalid because the policy was pledged by the insured rather than the Trust as owner of the policies or the pledges were not supported by consideration for the Trust. If the Decedent retained control to allow such liens to be placed against the policies, the Internal Revenue Service might argue the policies should be included in his taxable estate. The ramifications for the Trust are the possibility of a significant increase in estate tax liability.

10. The IRS instructions provided for Form 712 do not require or reference the attachment of liens. *See Exhibit C.* The Internal Revenue Code and the related regulations only require that certain information be furnished to the Internal Revenue Service upon request. *26 CFR 20.6001-1.* The IRS Regulation states:

> Persons having possession or control of any records or documents containing or supposed to contain any information concerning the estate, or having knowledge of or information about any fact or facts which have a material bearing upon the liability, or the extent of liability, of the estate for the estate tax, shall, upon request of the district director, make disclosure thereof. *26 CFR 20.6001-1(c).*

The Form 712, which is the form that requests such information from insurance companies for the Internal Revenue Service does not reference liens. If the Service wanted such information to be disclosed, it would so state in the instruction for the form.

11. The Trust contends that Manhattan's actions of attaching the alleged liens to Form 712 is without legal basis and therefore respectfully requests that this Court order Manhattan to produce Forms 712 for the insurance policies at issue, without reference to the liens.

                                        MICHAEL CAVATAIO, Trustee of the
                                        PETER W. NAUERT FAMILY TRUST

                                        By: /s  Afton L. Gauron
                                            One of its Attorneys

Afton L. Gauron, gauron@htlhlaw.com
Kenneth F. Lorch
**Hamilton Thies Lorch & Hagnell LLP**
200 S. Wacker Dr. Suite 3800
Chicago, Illinois 60606
312-650-8650

Dated June 24, 2008